**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

OSCAR A. STILLEY,

          Attorney-Appellant.

No. 09-5090
(D.C. No. 4:08-AP-00001-CVE)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Attorney-Appellant Oscar A. Stilley appeals an order of the United States District Court for the Northern District of Oklahoma (Northern District) suspending him from practice before that court under Local Civil Rule 83.6 (Rule 83.6) of the Northern District. The district court automatically suspended him from practice after being notified that he had been suspended from practicing in the Arkansas state courts pending conclusion of disbarment proceedings there.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stilley first argues that automatic reciprocal suspension prior to a hearing under Rule 83.6 is unconstitutional. He also argues that his continued suspension after a hearing was improper because the suspension was based on his suspension from practice by the Arkansas Supreme Court Committee on Professional Conduct, and the prior suspension was unconstitutional because he did not receive due process prior to that suspension.

Mr. Stilley's arguments notwithstanding, there is a separate basis supporting his suspension. Mr. Stilley was subsequently convicted on charges of Conspiracy to Defraud the United States and Tax Evasion and Aiding and Abetting, and has been sentenced to 180 months in prison. Under the Northern District's rules, his conviction is a separate ground for the suspension of which he now complains. Further, Mr. Stilley was disbarred from this court after he failed to file a timely response to our order to show cause why his conviction should not result in disbarment. This, too, would serve as a separate ground for suspension. Because of these alternate mandatory bases for suspension and disbarment, we conclude that Mr. Stilley's appellate claims are moot.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. A case is moot if a court can no longer grant effective

relief as a practical matter." *The Wilderness Soc'y v. Kane Cnty., Utah*, 581 F.3d 1198, 1214 (10th Cir. 2009) (quotation, citation, and brackets omitted). "An abstract, conjectural, or hypothetical injury is not enough to support jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005). Here, even if this court were to rule in Mr. Stilley's favor, reversal of the Northern District's suspension would not, as a practical matter, afford him the relief requested. This is so because, under Rule 83.6, both his intervening criminal conviction and this court's disbarment mandate suspension of his right to practice in the Northern District.

Mr. Stilley's appeal, and the accompanying motion to enlarge the record, are DISMISSED as moot.

Entered for the Court


Wade Brorby
Senior Circuit Judge